UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAGOBERTO LEROY TURNBULL,<br><br>Defendant. | Case No. 1:21-cr-00029-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Dagoberto Leroy Turnbull's Motion for Return of Property ("Motion"). Dkt. 38. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On or about December 22, 2020, Turnbull met with an undercover police officer ("UC") at a location in Caldwell, Idaho. During the meeting, Turnbull sold the UC 107.6 grams of actual methamphetamine in exchange for $1,600.00.

On or about January 12, 2021, Turnbull met with the UC in a Walmart parking lot located in Nampa, Idaho. In exchange for $1,600.00, Turnbull sold the UC 111.6 grams of actual methamphetamine.

On February 11, 2021, Turnbull was charged by Federal Indictment with two counts

of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Although the Indictment contained a drug forfeiture allegation, it did not specify any specific personal property. Dkt. 1.

On February 22, 2021, the Nampa Police Department ("NPD") executed an arrest warrant on Turnbull during a traffic stop. In a search incident to arrest, the NPD searched Turnbull's person and his vehicle. On Turnbull's person, the NPD located and seized $2,903.00 and approximately 6.2 grams of methamphetamine. In Turnbull's vehicle, the NPD found and seized $454.00, four cell phones, 5.9 grams of suspected methamphetamine, and additional drugs in varying quantities.

Pursuant to Idaho Code § 37-2744[1] the Prosecuting Attorney for Canyon County, Idaho, subsequently initiated a civil forfeiture proceeding in Idaho state court, seeking forfeiture of the $2,903.00 the NPD located on Turnbull's person, as well as the $454.00 the NPD found in Turnbull's vehicle. Dkt. 40-1. Turnbull was served with the Complaint in the civil forfeiture proceeding. *Id*. at 1. When Turnbull failed to respond within the time allowed, the Idaho state court ultimately entered a Default Judgment, ordering "that Defendant Property Two Thousand Nine Hundred Three Dollars ($2,903) in US Currency; and Four Hundred Fifty-Four Dollars ($454) in US Currency, plus any accrued interest, be forfeited by default to the Canyon County Prosecuting Attorney's Office[.]" *Id*. at 2.[2]

---

[1] Idaho Code § 37-2744 subjects to forfeiture all property which has been used or intended for use in the connection with the illegal manufacture, distribution, dispensing, or possession of controlled substances. Forfeiture proceedings are civil actions against the property subject to forfeiture. *Ada Cnty. Prosecuting Attorney v. DeMint*, 385 P.3d 897, 899 (Idaho Ct. App. 2016).

[2] Although the date the Canyon County Prosecuting Attorney initiated the civil forfeiture proceeding is not identified in the record, the Default Judgment was entered by the Idaho state court on June 20, 2021. Dkt 40-2.

MEMORANDUM DECISION AND ORDER - 2

On June 8, 2021, Turnbull entered a plea of guilty to Count One of the Indictment and admitted the drug forfeiture allegation. Dkt. 24. On January 18, 2022, the Court sentenced Turnbull to 108 months of imprisonment. The Court did not enter either a preliminary or final order of forfeiture.

On March 22, 2022, Turnbull's defense attorney contacted the prosecuting attorney and requested return of the cell phones seized from Turnbull's vehicle during the traffic stop. Dkt. 40-3. The prosecuting attorney directed Turnbull's attorney to contact NPD Sergeant Angel Calderon regarding return of the cell phones. Dkt. 40-4. In response to Turnbull's Motion for Return of Property, the Government contends: "To date, no one has contacted Sgt. Calderon or the Nampa Police Department evidence team to retrieve those items." Dkt. 40, at 3.

Nearly nine months after his defense attorney contacted the Government regarding return of his cell phones, Turnbull filed the instant Motion for Return of Property, requesting the return of items seized during his arrest. Specifically, Turnbull seeks the return of: (1) $2,903.00; "(2) Black iPhone and Red iPhone"; (3) $454.00; and (4) "Silver Samsung and Black Samsung Cell." Dkt. 38, at 2.

The Court subsequently ordered the Government to respond to Turnbull's Motion for Return of Property. Dkt. 39. The Government did so, explaining the cell phones Turnbull requests are in the custody of the NPD, and that the currency Turnbull seeks has been forfeited to the State of Idaho. Dkt. 40.

MEMORANDUM DECISION AND ORDER - 3

## II. LEGAL STANDARD

Rule 41(g) of the Federal Rules of Criminal Procedure[3] provides, in pertinent part, that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." If a defendant seeks return of property after pleading guilty and being sentenced, there is a presumption that he is entitled to return of the property. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). To overcome the presumption, the government has the burden of showing "that it has a legitimate reason to retain the property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991). The government may meet its burden by establishing "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *Id*. at 1061. In addition, a Rule 41(g) motion is appropriately denied if the government demonstrates "a cognizable claim of ownership or right to possession adverse to that of the defendant." *Mills*, 991 F.2d at 612 (cleaned up).

## III. ANALYSIS

Turnbull's Motion for Return of Property is appropriately denied. First, Turnbull's cell phones are, and have apparently always been, in the custody of the NPD, which executed the arrest warrant and search of Turnbull and his vehicle. The Government cannot be forced to return property that it never possessed. *United States v. Huffhines*, 986 F.2d 306, 308 (9th Cir. 1993); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997)

---

[3] The text of Federal Rule of Criminal Procedure 41(e) was moved to Rule 41(g) in 2002 for stylistic purposes only; the substance of the Rule remained unchanged. Fed. R. Crim P. 41 advisory committee's note to 2002 amendment. Although some of the cases referenced herein cite the previous Rule 41(e), the Court uses "Rule 41(g)" throughout for consistency.

("Because the United States was not in possession of the vehicle at the time Mr. Solis filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return."); *Lowrie v. United States*, 824 F.2d 827, 829 (10th Cir. 1987) (reversing a district court order requiring the FBI to provide copies of tax records seized by state officers and finding "an order that the FBI return material which it does not have, nor does it have control over, cannot stand"); *United States v. Prevatt*, 414 F.2d 239, 241 (5th Cir. 1969) (explaining if property was in the hands of state of officials, the appeal would be moot because the property was not within the jurisdiction of the federal court).[4] As the Government previously advised his defense counsel, Turnbull can contact Sergeant Calderon with the NPD—the organization that seized and is in possession of Turnbull's cell phones—to make arrangements to retrieve them. Dkt. 40, at 2.

Second, Turnbull is not entitled to the return of his currency because the Government has demonstrated "a cognizable claim of ownership or right to possession adverse" to Turnbull's interest. *Van Cauwenberghe*, 934 F.2d at 1060. Specifically, the $2,903.00 the NPD found on Turnbull's person, and the $454.00 the NPD located in Turnbull's vehicle, have been forfeited to the State of Idaho. Dkt. 40-2. In *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996), the Ninth Circuit expressly held a Rule 41(g) motion was appropriately denied where, as here, defendant's property had been forfeited

---

[4] Although Rule 41(g) extends "in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization," Turnbull has not identified any agency relationship between the NPD and any federal law enforcement agency. *Huffhines*, 986 F.2d at 308. The Ninth Circuit has affirmed the denial of a Rule 41(g) motion under such circumstances. *Williams v. Sacramento Cnty. Sheriff's Dept.*, 1996 WL 674154, at *1 (9th Cir. 1996) (unpublished).

MEMORANDUM DECISION AND ORDER - 5

by the state. In so holding, the Ninth Circuit explained:

> The state forfeiture proceeding has established Idaho's ownership of the property. Rule 41(g) by its terms requires that the defendant be entitled to lawful possession of the property. The government need not prove that the government itself is entitled to lawful possession; it is sufficient for the government to prove that [the defendant] is not so entitled. Because the government has done so here, the district court did not err.

*Id.* (cleaned up).

In short, the Government has overcome the presumption in favor of return because: (1) Turnbull's cell phones are in the custody and control of the NPD; and (2) the State of Idaho is entitled to the lawful possession of the currency seized during Turnbull's arrest.[5]

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Turnbull's Motion for Return of Property (Dkt. 38) is **DENIED**.

DATED: November 27, 2023

David C. Nye
Chief U.S. District Court Judge

---

[5] Turnbull's Motion for Return of Property does not seek return of any property other than the four cell phones, and total of $3,357.00, seized during his arrest. Dkt. 38.